```
                                                                        1

 1                    UNITED STATES DISTRICT COURT
                           DISTRICT OF NEVADA
 2        BEFORE THE HONORABLE ROBERT C. JONES, DISTRICT JUDGE

 3

 4   RODERIC A. CARUCCI and          :
     SUZANNE CARUCCI,                :
 5                                   :
            Plaintiffs,              :Case No. 3:09-cv-712-RCJ-VPC
 6                                   :
         vs.                         :July 9, 2010
 7                                   :
     WELLS FARGO HOME MORTGAGE, a    :Reno, Nevada
 8   division of WELLS FARGO BANK,   :
     N.A., a foreign entity; BANK    :
 9   OF AMERICA, a foreign entity;   :
     DOES 1-10, Inclusive, and all   :
10   other persons unknown           :
     claiming any right title,       :
11   estate, lien or interest in     :
     the real property described     :
12   herein,                         :
                                     :
13          Defendants.              :
                                     :
14   _____

15               TRANSCRIPT OF MOTIONS HEARING

16

17   APPEARANCES:

18   For the Plaintiffs:      MICHAEL LEHNERS
                              Attorney at Law
19

20
     For the Defendants:      DONNA OSBORN
21                            Attorney at Law

22

23   Court Reporter:          Donna Davidson, RDR, CRR, CCR 318
                              Certified Realtime Reporter
24                            400 South Virginia Street
                              Reno, Nevada  89501
25                            (775) 329-0132



              DONNA DAVIDSON, RDR, CRR, CCR #318 - (775) 329-0132
```

1        RENO, NEVADA; FRIDAY, JULY 9, 2010, 9:01 A.M.
2                          --o0o--
3                      P R O C E E D I N G S
4
5            THE COURT:  Good morning.  Thank you.  Please
6    be seated.  Welcome.
7        We're here for arguments.  We're going to start,
8    please, with Carucci versus Wells Fargo.
9            MR. LEHNERS:  Good morning, Your Honor.  My
10   name is Michael Lehners.  I'm specially appearing for
11   Terry Thomas on behalf of the plaintiff Rod Carucci.
12           MS. OSBORN:  Good morning, Your Honor.  Donna
13   Osborn of the law firm Wright, Finlay & Zak on behalf of
14   defendant Wells Fargo Bank.
15           THE COURT:  Thank you.  This is the motion for
16   remand and for dismissal.  I'll entertain both of those,
17   please, if you want to add comments to the pleadings.
18           MR. LEHNERS:  Good morning, Your Honor.  I'm
19   appearing for Mr. Thomas on the motion to remand.
20       We believe that remand is proper in this case for
21   several reasons, the first of which is the nature and
22   gravamen of the complaint.  The complaint really seeks
23   declaratory relief and was filed in order to find out who
24   is the owner of the promissory note and deed of trust on
25   the plaintiffs' subject property.

1         Paragraph 9 of the complaint asks -- or states that
2    the plaintiff has demanded to know who the owner of the
3    promissory note was.
4         I don't know if this matter is in the record or
5    not, but I've been told Ms. Osborn has it.  On July 6th of
6    2009, Wells Fargo did issue a response to a RESPA request
7    propounded by the plaintiff.  It says, "The note holder of
8    this loan is Bank of America, Wells Fargo Home Mortgage is
9    the servicer of the loan, and we are able to assist with
10   any questions on behalf of the note owner."
11        All right.  Now, the amount in controversy, Your
12   Honor, must be shown to be in excess of $75,000, assuming
13   there's complete diversity of citizenship.
14             THE COURT:  Do you request a declaration of
15   invalidity of the loan or any other encumbrance that
16   exceeds the amount of 75,000?
17             MR. LEHNERS:  Your Honor, we're direct -- my
18   client is seeking declaratory relief that the loan -- that
19   these parties do not have an interest in the loan.
20        It's not attacking the substantive nature of the
21   deed of trust; i.e., it's not saying that it misidentifies
22   the property, it was recorded in the wrong county, or the
23   note is somehow defective.  Instead it says Wells Fargo
24   and Bank of America have no interest in the note.
25   Somebody else might.  We don't know.

1      Now, the reason for this is to find out the
2 identity of the true holder of the beneficial interest in
3 this note.  This is primarily why the plaintiff filed this
4 lawsuit.  Who really holds the beneficial interest?
5           THE COURT:  I don't see anything wrong with
6 that request.  But you understand that under our case law
7 and state law, they're not required to produce an original
8 of the note, for example --
9           MR. LEHNERS:  Yes.
10          THE COURT:  -- on your demand or request.
11     If you're seeking a demand for a payoff figure,
12 you're entitled to do that under state law; and then, of
13 course, if you pay it off, you're entitled to the note.
14 But you're not entitled -- in order to permit them to
15 proceed with foreclosure, you're not entitled to demand
16 the original of the note.
17     I see nothing wrong with the request that says who
18 is the note holder, however.
19          MR. LEHNERS:  Your Honor, that's correct.  I
20 have read your recent decision in the Weingartner case,
21 and it spells it out completely.
22          THE COURT:  Okay.
23          MR. LEHNERS:  And I'm very well aware of the
24 clarification between what a servicer does, what the
25 holder in due course does, and what a beneficial interest

1  is.  And I've read that case before coming here.  I've
2  even cited it in other cases that I've had before this
3  Court.
4       And that's really what we want to find out.
5  Because these notes -- and there's nothing wrong with
6  doing this.  These notes are bought and sold on a regular
7  basis.  They are securitized.  They go to government
8  pooled trusts.  They get assigned to trustees instead of
9  the government pooled trusts.
10      My client tried to exercise his options under RESPA
11 before even coming here.
12          THE COURT:  Okay.  So I see nothing wrong with
13 the relief you're requesting.  The problem is to the
14 extent you're seeking a declaration that they don't own
15 the notes --
16          MR. LEHNERS:  Yes.
17          THE COURT:  -- and if, in fact, they do --
18          MR. LEHNERS:  Yes.
19          THE COURT:  -- seems to me you have a
20 controversy that exceeds $75,000 in amount.
21          MR. LEHNERS:  Well, Your Honor, I would
22 respectfully disagree with that because what does matter
23 is the value of the --
24          THE COURT:  It's not just declaration that
25 you're seeking.  You're seeking -- if these folks are the

1  holders, you're seeking declaration that they don't hold
2  and they are not entitled to any funds.
3              MR. LEHNERS:  Well, Your Honor, I believe it's
4  are they the -- do they hold the beneficial interest.  In
5  other words, Wells Fargo -- we have a RESPA letter that
6  says Wells Fargo is not the holder of the note.  They're
7  not.
8              THE COURT:  Okay.
9              MR. LEHNERS:  So on its face that response to
10 the RESPA letter doesn't even give them standing.  That's
11 what we're looking for.
12       In other words, Wells Fargo, you don't have the
13 beneficial interest in this based upon your RESPA
14 admission.
15       Bank of America may be the holder.  We don't know
16 who the beneficial interest is.  Somebody is.  But not
17 these two.
18             THE COURT:  Now, the fact of the matter is that
19 this plaintiff has not been making the payments?
20             MR. LEHNERS:  I believe that's correct, Your
21 Honor.
22             THE COURT:  And for how long and what has
23 accrued in the way of arrearage of payments?
24             MR. LEHNERS:  Your Honor, I do believe a notice
25 to default and election to sell was filed.

1             MS. OSBORN:  That is accurate, Your Honor.  In
2   fact, we're in the mandatory arbitration -- mediation
3   process through AB-149.  My firm is representing Wells
4   Fargo.
5             THE COURT:  So you're under state mandatory
6   mediation process now?
7             MS. OSBORN:  Correct.
8             THE COURT:  Not mandated by this Court but by
9   the state law?
10            MS. OSBORN:  Correct.
11            THE COURT:  Okay, good.
12            MR. LEHNERS:  Yes, Your Honor.  And that, yet,
13  is still another reason to remand.
14         It's our position that if the plaintiff recovers
15  everything that he wants to, he does not obtain a value in
16  excess of 75,000, rather he obtains the value of knowing
17  who the beneficial holder is.  That's all.
18            THE COURT:  Okay.  I just disagree with you.
19  It's not -- you aren't asking for a declaration of who the
20  owner is, you're asking for a declaration that they have
21  no interest.
22            MR. LEHNERS:  Yes, Your Honor.
23            THE COURT:  And if, in fact, they do, or if
24  there's dispute over that, it seems to me then that
25  there's a dispute exceeding 75,000.

1              MR. LEHNERS:  Your Honor, I very much respect
2    that position, but, similarly, what if I were to allege
3    that I have an interest in the MGM or the hotel/casino;
4    yet I don't, I never did.  Am I really out 75,000, just
5    because I don't have an interest in a casino where I've
6    pretty much admitted I don't?
7              THE COURT:  If you alleged -- if you filed a
8    lawsuit against a foreign -- another state entity --
9              MR. LEHNERS:  Yes, sir.
10             THE COURT:  -- and you alleged I own the MGM, I
11   think there's diversity.
12             MR. LEHNERS:  Because you have to accept the
13   allegations in the complaint as true.
14         But, Your Honor, here it's a defense.  They're
15   saying we will be harmed in excess of $75,000; yet, there
16   is no evidence that is in this record that shows that they
17   ever had an interest to be taken away in the first place.
18   Their RESPA letter shows quite the contrary.
19         The value is illusory and, hence, under the 75,000
20   jurisdictional limit.
21         Your Honor, that's just my position.  I don't wish
22   to disagree with what you said.
23             THE COURT:  For the record, what's the amount
24   of the note?
25             MR. LEHNERS:  I'll defer to counsel on that.

1          MS. OSBORN:  $700,000, Your Honor.
2          THE COURT:  Okay.  All right.  Thank you.
3          MR. LEHNERS:  Do you have any other questions
4    of me, Your Honor?
5          THE COURT:  No.
6          MR. LEHNERS:  The last thing I'd like to say
7    before I rest this argument on the remand is that I want
8    to make sure that the Court's aware that a default was
9    taken in state court.  And we have not been able to find
10   any authority for the proposition that a case can be
11   removed post default in state court.  Thank you, Your
12   Honor.
13         MS. OSBORN:  Your Honor, I'll address this last
14   issue actually first.
15       We did timely remove the action.  I believe we
16   removed it on the actual 30th day.  They took the default
17   after only 13 business days' notice to my client because
18   of the Thanksgiving and Veterans Day holiday.  They took
19   the default on the exact day after the service would have
20   been due on the answer to complaint.  But that was only 13
21   business days.  But we did timely remove.
22       I would agree with him that there's no circumstance
23   where if we had not timely removed it that the Court would
24   not have jurisdiction.  But we did remove it within 30
25   days of service of the summons and complaint.  And I think

Case 3:09-cv-00712-RCJ-VPC   Document 17   Filed 08/09/10   Page 10 of 12

10

1   that's the only requirement to get notice, is that we
2   timely seek the removal within 30 days.
3           THE COURT:  Okay.  Why should I dismiss this
4   complaint, though?  If he's not trying to -- if all he's
5   asking for is he wants a declaration of who owns this
6   note, he's entitled to that, isn't he?
7           MS. OSBORN:  Well, Your Honor, his complaint is
8   for a cause of action entitled "Quiet Title."  Under quiet
9   title, a quiet title action requests a judicial
10  determination of all adverse claims to disputed property.
11  There's no adverse claim with regards to between him
12  owning the note, owing money on a note --
13          THE COURT:  Sure there's an adverse claim.
14  Somebody out there claims a deed of trust ownership in the
15  property.
16          MS. OSBORN:  Correct.
17          THE COURT:  There's an adverse claim.
18          MS. OSBORN:  Correct.
19          THE COURT:  He's got the right to have a court
20  declare -- if you're unwilling to declare, he's got the
21  right to have -- have you declared?  Did you tell him Bank
22  of America, and that's the truth?
23          MS. OSBORN:  Your Honor, I -- there is that one
24  letter.  We have not gotten that far into the process.
25          THE COURT:  Okay.

```
 1             MS. OSBORN:  I've been told over and over
 2  again -- we've had our 26(f) conference with Mr. Carucci,
 3  personally.  We've produced our documents to him.  The
 4  only thing that he has that says it is, is that one
 5  letter.  Everything we have is --
 6             THE COURT:  So do you have -- as an officer of
 7  the court, do you have any position to tell me as to who
 8  owns the note, the beneficial interest in the note?
 9             MS. OSBORN:  I don't, Your Honor.
10             THE COURT:  Okay.
11             MS. OSBORN:  As we --
12             THE COURT:  I'm denying your motion to dismiss.
13  I'm also denying your motion to remand.  I'm sorry, I
14  think the value exceeds 75,000.
15             MR. LEHNERS:  Thank you very much, Your Honor.
16             MS. OSBORN:  Thank you, Your Honor.
17             THE COURT:  I'll issue an order.
18         Thank you for the argument.  And I remind Wells
19  Fargo, they're going to have to answer the question,
20  please; otherwise, there will be judgment.  Okay.
21                  (The proceedings were concluded at
22                   9:11 a.m.)
23                       *   *   *
24
25
```

*DONNA DAVIDSON, RDR, CRR, CCR #318 - (775) 329-0132*

```
 1                         -o0o-

 2      I certify that the foregoing is a correct

 3      transcript from the record of proceedings

 4      in the above-entitled matter.

 5
        _____      _____
 6                                               8/9/10

 7      Donna Davidson, RDR, CRR, CCR #318       Date
        Official Reporter
 8
```