1

2

3

4

5

6

**UNITED STATES DISTRICT COURT**

7

**DISTRICT OF NEVADA**

8

9   RODERIC A. CARUCCI and SUZANNE          )          3:09-cv-00712-RCJ-VPC
    CARUCCI,                                )
10                                          )
                     Plaintiffs,            )          **ORDER**
11                                          )
              v.                            )
12                                          )
    WELLS FARGO HOME MORTGAGE, a            )
13  divion of WELLS FARGO BANK, N.A., a     )
    foreign entity; BANK OF AMERICA, a      )
14  foreign entity; DOES 1-10, inclusive, and all )
    other persons unknown claiming any right, )
15  title, estate, lien, or interest in the real )
    property described herein,              )
16                                          )
                     Defendants.            )
17  _____ )

18

19          Before the Court is Plaintiffs' Motion to Remand (#6) and a Motion to Set Aside Default

20  and Dismiss under FRCP 12(b)(6) (#7) filed by Defendant Wells Fargo Home Mortgage.  On

21  July 9, 2010 the Court heard oral argument on these motions.

                              **I. BACKGROUND**
22

23          In March 2006, Plaintiffs Roderic and Suzanne Carucci ("the Caruccis") purchased real

24  property in Reno, Nevada and financed the purchase through Defendant Wells Fargo Home

25  Mortgage ("Wells Fargo") with a Deed of Trust and an accompanying Promissory Note

26  securing the loan.  Plaintiffs allege that Wells Fargo "has failed and refused to deal with

27  Plaintiffs in good faith."  (Complaint (#1), ¶ 8).  Plaintiffs complain that they "have made

28  repeated demands for the name and address of the purported owner of the promissory note

    and have received only the name 'Bank of America' from Defendant Wells Fargo."  Id., ¶ 9.

1   Thus, Plaintiffs have alleged that "no defendant owns or possesses their promissory note or
2   their deed of trust on their home." Id., ¶ 11.

3       On October 21, 2009, Plaintiffs commenced this action in the Second Judicial District
4   Court of the State of Nevada.  On December 4, Wells Fargo removed the case to this Court
5   based on diversity.  In their original complaint, Plaintiffs allege a single cause of action to quiet
6   title against Wells Fargo and Bank of America.[1]  Before removal, Plaintiffs filed a Clerk's
7   Default against Wells Fargo on December 1, 2009, two business days after the purported
8   deadline for Wells Fargo to file a responsive pleading.[2]  Plaintiffs' application for default
9   judgment was heard on oral argument in state court on December 3, 2009 and denied
10  because defendants appeared at the hearing and were represented by counsel.

11      Plaintiffs filed their Motion to Remand (#6) on December 17, 2009 and Wells Fargo
12  filed its Motion to Dismiss (#7) on December 23, 2009.  Timely responses and replies were
13  filed as to each motion.

**II.  ANALYSIS**

**A.    Motion to Remand**

16      The removal statute, 28 U.S.C. § 1441, allows defendants to remove when a case
17  originally filed in state court presents a federal question or is between citizens of different
18  states.  See 28 U.S.C. § 1441.  Only those state court actions that could originally have been
19  filed in federal court may be removed.  Id.  Removal statutes are strictly construed against
20  removal jurisdiction.  Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992).  "Federal jurisdiction
21  must be rejected if there is any doubt as to the right of removal in the first instance."  Id.

22

23          [1] Bank of America has neither consented to nor opposed removal of this action and has not
24  filed any pleadings in this case.  According to Wells Fargo, Plaintiffs are stipulating to dismiss Bank
    of America.

25          [2] Plaintiffs filed a summons stating that Wells Fargo was served on November 6, 2009.  Wells
26  Fargo points out that it had only 13 business days in which to retain counsel and file a response to
    the complaint, because of the Veteran's Day and Thanksgiving holidays following purported service.
27  Although disputing that proper service was accomplished upon it, Wells Fargo asserts that "excusable
    neglect" warrants setting aside the default.  However, given the disposition of Plaintiffs' application
28  for default judgment against Wells Fargo in the state court and the fact that Wells Fargo has removed
    the case to this Court, the entry of default appears to be moot.

(quoting Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979)).  The defendant always has the burden of establishing that removal is proper.  Id.  Jurisdiction founded on diversity requires that the matter in controversy exceed $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a).  In any case where subject matter jurisdiction is premised on diversity, there must be complete diversity, i.e., all plaintiffs must have citizenship different than all defendants.  See Caterpillar Inc. v. Lewis, 519 U.S. 61, 67 (1996).

Plaintiffs contend that remand of this case is appropriate because the state court has jurisdiction over the subject property and this Court should follow the doctrine of abstention to allow the state court to exercise its jurisdiction.  However, diversity between the parties is complete and there is no dispute that the amount in controversy in this case exceeds $75,000.  Accordingly, removal of the action to this Court was proper because diversity jurisdiction exists and Plaintiffs' Motion to Remand is therefore DENIED.

**B.    Wells Fargo's Motion to Dismiss**

A court may dismiss a plaintiff's complaint for 'failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6).  While a pleading generally need not contain detailed allegations, it must allege sufficient facts "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  A complaint does not allege sufficient facts to raise a right to relief above the speculative level if it contains nothing more than "labels and conclusion" or a "formulaic recitation of the elements of a cause of action." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).  Instead, in order to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." Iqbal, 129 S.Ct. at 1949.

In Ashcroft v. Iqbal, the Supreme Court provided a two-step approach for district courts to apply when considering motions to dismiss.  First, the court must accept as true all factual allegations in the complaint. Id. at 1950.  A court does not, however, assume the truth of legal conclusions merely because the plaintiff casts them in the form of factual allegations. Id.; Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003).  Mere recitals of the elements of a cause of action, supported only by conclusory statements, also do not

suffice. Iqbal, 129 S.Ct. at 1949. Second, the court must consider whether the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct." Id. at 1949. Thus, where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged - but not shown - that the pleader is entitled to relief." Id. When the claims in a complaint have not crossed the line from conceivable to plausible, plaintiff's complaint must be dismissed. Twombly, 550 U.S. at 570.

Plaintiffs brings a claim of quiet title, complaining that Wells Fargo has failed to identify the holder of the deed of trust or promissory note on Plaintiffs' home. Under Nevada law, a quiet title action may be brought by someone who claims an adverse interest in property. NRS 40.010. A quiet title claim requires a plaintiff to allege that the defendant is unlawfully asserting an adverse claim to title to real property. Union Mill v. Mining Co. v. Warren, 82 F. 519, 520 (D.Nev. 1897). Plaintiffs allege that Defendants do not own or possess their promissory note or deed of trust on their home and therefore cannot foreclose upon the subject property. (Complaint (#1), ¶ 11). Further, according to Plaintiffs, no entity has obtained all the rights necessary to obtain an interest in the subject property. Id., ¶ 12. Taking these assertions as true, Plaintiffs have stated a claim for wrongful foreclosure against Defendants. Therefore, Defendants' motion to dismiss is denied.

## III. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that the Motion to Remand (#6) and the Motion to Set Aside Default and Dismiss under FRCP 12(b)(6) (#7) are each DENIED.

DATED: This 16th day of August, 2010.

_____

UNITED STATES DISTRICT JUDGE

4