UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RODERIC A. CARUCCI et al., | ) |
| Plaintiffs, | ) ) |
| vs. | ) 3:09-cv-00712-RCJ-VPC ) |
| WELLS FARGO HOME MORTGAGE et al., | ) ORDER ) |
| Defendants. | ) ) |

This case arises out of the foreclosure of Plaintiffs' mortgage. Pending before the Court are Plaintiffs' Motion for Default Judgment (ECF No. 19), Defendant's Motion to Clarify (ECF No. 22), Plaintiffs' Motion to Strike Response to Motion (ECF No. 25), Defendants' Motion to Set Aside Default (ECF No. 28), Plaintiffs' Motion to Strike Joinder in Motion to Clarify (ECF No. 33), and Plaintiffs' Motion to Stay Foreclosure Mediation Proceeding (ECF No. 37). For the reasons given herein, the Court grants the motions to clarify and to set aside the default and denies the remaining motions.

I. FACTS AND PROCEDURAL HISTORY

Plaintiffs Roderic A. and Suzanne Carucci sued Defendants Wells Fargo Home Mortgage and Bank of America in the Washoe County District Court, bringing a single cause of action to quiet title to their property in Reno, Nevada. (*See* Compl., ECF No. 1 Ex. A). It is unclear from the Complaint whether a foreclosure action had been initiated at that time. Plaintiffs obtained entries of default from the clerk of the state court against both Defendants before Defendants removed to this Court. (*See* Clerk's Default, Dec. 1, 2009, ECF No. 1 Ex. D). Plaintiffs' motion

1  for default judgment was denied in state court, and they have now moved for default judgment in
2  this Court.

## II. DEFAULT JUDGMENT STANDARD

Federal Rule of Civil Procedure 55(b) permits a default judgment following the entry of default by the clerk under Rule 55(a). When the requested relief is anything other than a sum certain or a sum that can be made certain by computation, the party must apply to the court for a default judgment after entry of default. Fed. R. Civ. P. 55(b)(1)–(2). The choice as to whether a default judgment should be entered is at the sole discretion of the trial court. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). A defendant's default alone does not entitle a plaintiff to a court-ordered judgment. *See id.* Instead, the Ninth Circuit has determined that a court should look at seven discretionary factors before rendering a decision on default judgment. *See Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). These factors are: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Id.* Once the clerk enters a default, the well-pleaded factual allegations of the complaint are taken as true, except for those allegations relating to damages. *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987). The plaintiff is required to prove all damages sought in the complaint, and those damages may not "differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). If sufficiently documented and detailed, damages claims may be fixed by an accounting, declarations, or affidavits. *See James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993).

///
///

### III. ANALYSIS

#### A. Default Judgment

Defendants have defended the case in this Court. This Court denied Plaintiffs' motion to remand and Defendants' motion to dismiss on August 17, 2010. The merits of Plaintiffs' substantive claim are weak. It is extremely unlikely that neither Defendant has any legitimate interest in the subject property. There is a great dispute as to material facts that will require the examination of promissory notes and/or deeds of trust. Mortgage foreclosure cases are fact-intensive, and very few Plaintiffs in these cases have meritorious claims. This case does not appear to be an exception. There is very little evidence available to sort out the facts at this stage, and a default judgment to quiet title to a piece of real property would be premature. At oral argument, Plaintiffs argued the underlying merits of their case but did not argue against the standards for granting a default judgment, which standards include the underlying merits as only one of seven factors. *See McCool*, 782 F.2d at 1471–72. The Court will not grant a default judgment.

The Court also sets aside the entry of default. Defendants have specifically so moved, and even if they hadn't, opposition to a motion for default judgment can in-and-of-itself constitute a counter-motion to set aside entry of default. 10A Charles Alan Wright et al., *Federal Practice & Procedure* § 2692, at 85–86 (3d ed. 1998).

#### B. Clarification

Defendants request the Court to clarify its August 17, 2010 order denying both Plaintiffs' motion to remand and Defendants' motion to set aside default and dismiss. (*See* Order, Aug. 17, 2010, ECF No. 18). In the alternative, Defendants request that the Court amend the order under Rule 60(a). Defendants argue that they moved not only to dismiss, but also to set aside the default entered against it in state court. Defendant notes that this part of the motion was not addressed at oral argument or in the body of the order, but that the combined motion to dismiss

and set aside the default was simply denied.

As noted, *supra*, a response to a motion for default judgment can be interpreted as also constituting a motion to set aside the entry of default. Because Defendants have responded to the present motion for default judgment, and because they were not grossly negligent in failing to respond in the state court, the entry of default will be set aside. Defendants appeared in state court on December 3, 2009 to defend (successfully) against a motion for default judgment based on an entry of default applied for two days earlier and only two days after the deadline to answer. The state court judge at that hearing indicated that there would be no prejudice in setting aside the default, implying that he would set it aside himself if Defendants filed a motion to do so. (*See* Minutes, Dec. 3, 2009, ECF No. 22 Ex. 1). The Court will clear the confusion and set aside the entry of default.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Default Judgment (ECF No. 19) is DENIED.

IT IS FURTHER ORDERED that the Motion to Clarify (ECF No. 22) is GRANTED.

IT IS FURTHER ORDERED that the Motion to Strike Response to Motion (ECF No. 25) is DENIED.

IT IS FURTHER ORDERED that the Motion to Set Aside Default (ECF No. 28) is GRANTED.

IT IS FURTHER ORDERED that the Motion to Strike Joinder in Motion to Clarify (ECF No. 33) is DENIED.

IT IS FURTHER ORDERED that the Motion to Stay Foreclosure Mediation Proceeding (ECF No. 37) IS DENIED.

IT IS SO ORDERED.

Dated this 29th day of November, 2010.

_____
ROBERT C. JONES
United States District Judge