**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RODERIC A. CARUCCI et al., ) | |
| Plaintiffs, ) | |
| ) | 3:09-cv-00712-RCJ-VPC |
| vs. ) | |
| WELLS FARGO HOME MORTGAGE et al., ) | **ORDER** |
| Defendants. ) | |

This case arises out of the foreclosure of Plaintiffs' mortgage. Pending before the Court is Defendants' Motion to Dismiss (ECF No. 66). For the reasons given herein, the Court grants the motion in part.

**I.   FACTS AND PROCEDURAL HISTORY**

Plaintiffs Roderic A. and Suzanne Carucci sued Defendants Wells Fargo Home Mortgage (a division of Wells Fargo Bank, N.A.) ("Wells Fargo") and Bank of America ("BOA") nearly two years ago in the Washoe County District Court, bringing a single cause of action to quiet title to their property in Reno, Nevada. (*See* Compl., Oct. 21, 2009, ECF No. 1, at 6). Defendants removed after the state court entered default against one of them. The Court has denied a motion to remand and a motion to dismiss.

A state Foreclosure Mediation Program ("FMP") proceeding was scheduled for October 22, 2010. The day before the FMP proceeding, Plaintiffs moved to enjoin it, arguing that after it was complete either party could appeal the result to the state district court, which could result in the state district court and this Court simultaneously exercising jurisdiction over the res. In other

1 words, they argued that proceeding with the FMP after this Court had obtained in rem
2 jurisdiction over the subject property would violate the prior exclusive jurisdiction rule. *See*
3 *Palmer v. Texas*, 212 U.S. 118, 125 (1909). The Court disagreed and denied the motion to
4 enjoin the FMP proceedings. The Court also denied a default judgment to Plaintiffs and set
5 aside the default entered in state court before removal.

6 On February 4, 2011, the Court granted a stipulated ninety-day stay for the parties to
7 negotiate a short sale of the property. The Court then granted Plaintiffs' motion to lift the stay
8 due to the failure of the negotiations, as well as Plaintiffs' motion to amend the Complaint to add
9 fraud and breach of contract claims. Plaintiffs then filed the Amended Complaint ("AC"), which
10 includes several additional claims Plaintiffs did not have leave to add. The AC lists seven causes
11 of action: (1) Quiet Title; (2)–(3) Real Estate Settlement Procedures Act ("RESPA") violations;
12 (4) Truth in Lending Act ("TILA") violations; (5) Deceptive Trade Practices under Chapter 598;
13 (6) Fraud; and (7) "Specific Performance and Discharge"[1]. (*See* Am. Compl., Apr. 2, 2011, ECF
14 No. 53).

15 The same day they filed the AC, Plaintiffs also filed a motion to enforce an alleged
16 settlement agreement, i.e., an alleged binding oral agreement to continue with a short sale on
17 specified terms, which Defendants allegedly breached. Defendants moved to strike Plaintiffs'
18 motion. The magistrate judge denied both the motion to enforce and the motion to strike it and
19 suggested that Plaintiffs file a separate complaint in state court or move to amend the AC if they
20 wished to bring an action to enforce a purported settlement agreement, as there was nothing in
21 the record indicating any existing settlement agreement that the Court had jurisdiction to enforce.
22 In the meantime, Defendants had moved to dismiss the AC for failure to state a claim. That
23 motion is before the Court.

---

[1]This is a breach of contract (or promissory estoppel) claim based on the alleged breach of the oral agreement to proceed with a short sale on specified terms.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6)

1  motion to dismiss" without converting the motion to dismiss into a motion for summary
2  judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule
3  of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay*
4  *Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court
5  considers materials outside of the pleadings, the motion to dismiss is converted into a motion for
6  summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th
7  Cir. 2001).

## III. ANALYSIS

On March 22, 2006, Plaintiffs gave lender Wells Fargo a promissory note for $700,000, secured by a deed of trust (the "DOT") against real property at 1840 Graysburg Dr., Reno, NV 89523 (the "Property"). (*See* DOT 1–3, Mar. 22, 2006, ECF No. 67, at 5). United Title of Nevada was the trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") was not a party to the DOT. (*See id.* 2). Ticor Title of Nevada ("Ticor Title"), as agent for LSI Title Agency ("LSI"), as agent for National Default Servicing Corp. ("NDSC"), as agent for Wells Fargo, filed a notice of default (the "NOD") based on a default of $29,223.51 as of May 25, 2010. (*See* NOD, May 25, 2010, ECF No. 67, at 29). There is no evidence of any of these entities having been substituted as trustee, and the only evidence of their agency on behalf of Wells Fargo is the NOD itself, which is not signed by any employee of Wells Fargo. Without further evidence, it appears the foreclosure may have been statutorily improper, *see* Nev. Rev. Stat. § 107.080(2)(c), and the Court therefore will not dismiss the quiet title claim.

Defendants argue that the fraud and breach of contract claims are simply attempts for Plaintiffs to argue the same motions before the district judge that they argued before the magistrate judge. But the magistrate judge noted that she would not grant a motion to enforce any putative settlement agreement and suggested that Plaintiffs bring a separate action or amend in the present case. The Court had in fact already specifically given Plaintiffs leave to amend to

1 add supplemental fraud and breach claim based on alleged wrongdoing during the short sale
2 negotiations.  Although the claims may not survive summary judgment, Defendants do not argue
3 against these claims on the merits, and the Court will not dismiss them at this time, although it
4 will note that the seventh claim is better characterized as promissory estoppel.

5 Defendants also argue that it is uneconomical to permit the filing of claims based on
6 alleged wrongdoing during the subject litigation itself.  To the contrary, the comprehensive
7 adjudication of related, "supplemental" claims arising after the initiation of a suit is appropriate
8 precisely because it is more efficient. *See Griffin v. Sch. Bd. of Prince Edward Cnty.*, 377 U.S.
9 218, 226–27 (1964) (citing Fed. R. Civ. P. 15(d)).  Although the language of the rule has since
10 been amended, the spirit of the rules still encourages the comprehensive adjudication of all
11 related claims in one action. *See* 6A Charles Alan Wright et al., *Federal Practice & Procedure*
12 § 1506, at 269–71 (3d ed. 2010).  "[A] supplemental pleading cannot be used to introduce a
13 'separate, distinct and new cause of action' where the original action between the parties has
14 reached a final resolution and the district court does not retain jurisdiction." *Cabrera v. City of*
15 *Huntington Park*, 159 F.3d 374, 382 n.11 (9th Cir. 1998) (quoting *Planned Parenthood of S.*
16 *Ariz. v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997)).  Here, there has been no final resolution of the
17 original action, so the supplemental claims are appropriate.  Finally, even if the Court had
18 granted leave to add the RESPA, TILA, and Chapter 598 claims, which it did not, their
19 respective three-year statutes of limitations ran before Plaintiffs filed the Complaint in state
20 court.
21 ///
22 ///
23 ///
24 ///
25 ///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 66) is GRANTED in part and DENIED in part. All claims are dismissed except the first claim for quiet title (based on statutorily defective foreclosure), the sixth claim for fraud (based on the settlement negotiations), and the seventh claim for promissory estoppel (based on the settlement negotiations).

IT IS SO ORDERED.

Dated this 8th day of September, 2011.

_____
ROBERT C. JONES
United States District Judge